This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40437**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ELIJAH SALDIVAR,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Amanda S. Villalobos, District Court Judge**

Raúl Torrez, Attorney General
Peter James O'Connor Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Elijah Saldivar appeals his conviction for one count of criminal sexual penetration in the second degree (resulting in personal injury), contrary to NMSA 1978, Section 30-9-11(E)(3) (2009). On appeal, Defendant argues that the district court erred in permitting a sexual assault nurse examiner (SANE) to testify that the absence of certain observable injuries to Victim was consistent with the sexual assault. For the following reasons, we affirm.

**DISCUSSION**

**{2}** "[T]he admission of expert testimony or other scientific evidence is peculiarly within the sound discretion of the [district] court and will not be reversed absent a showing of abuse of that discretion." *State v. Alberico*, 1993-NMSC-047, ¶ 58, 116 N.M. 156, 861 P.2d 192. "A [district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Lente*, 2005-NMCA-111, ¶ 3, 138 N.M. 312, 119 P.3d 737. A district court also abuses its discretion "when [a] ruling is clearly against the logic and effect of the facts and circumstances of the case" such that "we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{3}** On appeal, Defendant contends the SANE's testimony that the absence of observable injuries to Victim's anus and vagina[1] was "consistent with" Victim's account of the assault was inadmissible because it (1) impermissibly bolstered Victim's credibility, (2) impermissibly relied on areas outside of the SANE's expertise, and (3) was irrelevant. We address each issue in turn.

**{4}** First, Defendant contends that the SANE's testimony constituted an improper comment on the credibility of Victim's account of the assault. We disagree. Notably, Defendant fails to cite any authority to support this contention. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Despite this deficiency in Defendant's briefing, we perceive no error.

**{5}** It is undisputed in this case that the SANE was qualified to testify as an expert in sexual assault examinations. An expert cannot provide "direct testimony regarding the credibility or truthfulness of the alleged victim of sexual abuse." *Alberico*, 1993-NMSC-047, ¶ 85. As such, "[an] expert may not testify that the victim's . . . symptoms were in fact caused by sexual abuse. This . . . vouches too much for the credibility of the victim and encroaches too far upon the province of the jury to determine the truthfulness of the witnesses." *Id.* ¶ 91. However, a qualified expert may testify that the victim's "symptoms are consistent with those suffered by someone who has been sexually abused." *Id.* ¶ 103; *see also State v. Salazar*, 2006-NMCA-066, ¶ 8, 139 N.M. 603, 136 P.3d 1013 (stating that an expert may "give testimony regarding symptoms that the victim suffers that are consistent with sexual abuse" but not testimony "to establish . . . that the symptoms were in fact caused by sexual abuse").

**{6}** Here, Defendant points to the State's line of questioning as "batter[ing] the jury with the SANE's bolstering of Victim's credibility." However, the SANE never testified that Victim was telling the truth or that Victim's symptoms were in fact caused by the sexual assault. Instead, the SANE responded affirmatively to a line of questioning

---

[1]On appeal, Defendant does not argue that the SANE impermissibly testified that observable injuries to Victim's perineum were consistent with her account of the assault.

concerning whether lack of observable injuries to Victim's vagina and anus were consistent with Victim's report that she had been sexually assaulted. The SANE did not testify that the lack of observable injuries to Victim were indicative of sexual abuse, but testified that, in her experience, she had seen patients who had reported anal penetration but did not have any observable injuries to the anus. This line of questioning is permitted by *Alberico. See* 1993-NMSC-047, ¶¶ 10, 91, 103; *see also* Rule 11-703 NMRA ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."). Thus, contrary to Defendant's assertion, the SANE was not basing her opinion solely on Victim's account, but relied on her expertise to opine that an absence of observable injury was not necessarily determinative of whether an assault had occurred. Accordingly, the SANE's testimony did not improperly bolster Victim's account of the assault or vouch for the credibility of Victim.

**{7}** Based on the foregoing conclusion, we need not address Defendant's second contention that because "she was a nurse, but did not have particular expertise in truth detection," the SANE's testimony impermissibly exceeded the scope of her expertise.

**{8}** Lastly, Defendant argues that the SANE's testimony regarding the absence of any observable injury was irrelevant. *See* Rule 11-401(A) NMRA ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence"). The primary issue before the jury was whether the encounter between Victim and Defendant was consensual or nonconsensual. The case hinged on whether the jury believed that Victim was sexually assaulted by anal penetration by Defendant. "When a case hinges all-but-entirely on whom to believe, an expert's interpretation of relevant physical evidence (*or the lack of it*) is the sort of neutral, disinterested testimony that may well tip the scales and sway the fact-finder." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 33, 143 N.M. 373, 176 P.3d 1105 (emphasis added) (alteration, internal quotation marks, and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. Here, the SANE's testimony was relevant because the testimony made it more or less likely that Victim was sexually assaulted. Moreover, "[a]ny doubt whether the evidence is relevant should be resolved in favor of admissibility." *State v. Johnson*, 2010-NMSC-016, ¶ 41, 148 N.M. 50, 229 P.3d 523 (internal quotation marks and citation omitted). As a result, we are unpersuaded by this claim of error.

## CONCLUSION

**{9}** Based on the foregoing, we conclude that the district court did not abuse its discretion in admitting the SANE's expert testimony. We therefore affirm Defendant's convictions.

**{10}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**